“ The defendant and his wife, were jointly indicted under the 37th section of the Act of 1740, (P. L. 173,) for killing a slave by undue correction. The husband was acquitted, but the wife convicted, and sentenced to pay the fine prescribed by the Act, to wit, $350, currency, equivalent to $214,28. This was a scire facias, on the judgment of the Court, to have execution for the fine against the husband. On the return of the scire facias, I considered that' the State was not intitled to have execution against the husband for the fine imposed on the wife; and it was, accordingly, adjudged that Mr. Attorney take nothing by his motion, and that the scire facias be discharged.
“It is moved in the Court of Appeals, to reverse this judgment, and to award execution.”
Ground of appeal: — That the husband, during coverture, is responsible for all the legal obligations of the wife; and is. *121 therefore, liable for & pecuniary penalty imposed upon her, by the sentence of the Court, on her conviction for a misdemeanor.”
Whatever may be the liabilities of the husband, on account of the obligations of the wife contracted before marriage, or in damages for her misconduct towards individuals afterwards, they are such as can be enforced only by action on the civil side of the court; and to such action the husband must be made a party. It has never been attempted to make the husband liable, by indictment on the criminal side of the court, for offences committed by the wife against the State ; unless where the law would imply that she had acted under his control, or upon proof that she had acted by his command. On such proof, in a certain order of cases, he would be responsible and she would not.
Whether the offence charged here was one of which both could have been convicted, it is not material to inquire. The husband was acquitted; and the case stands as a separate prosecution of the wife for a public offence against the State. The punishment provided by law, is a pecuniary fine ; and this the wife has been sentenced to pay. The verdict shews it to have been a case in which the husband was neither guilty himself, nor liable for the act of his wife. Upon what principle then, can he be held liable to pay the fine imposed on his wife, or, in other words, to suffer her punishment 1 For public offences, the wife, as an individual member of the community, is liable to be indicted as sole; and, as the state of marriage does not exempt her from prosecution separately, it would be a strange anomaly that the judgment could be enforced against the husband, who is neither an accomplice in her guilt, nor a party to the proceeding. It is said in Hawk. P. C. “If a wife incur the forfeiture of a penal statute, the husband may be made a party to an action or information for the same, (as he may be, generally, to any suit for a cause of action given by his wife,) and shall be liable to answer what *122 shall be recovered thereon.” But this affords no authority for the proceeding in question. To make the husband answerable, he must be made a party to the action, or information, in which tha recovery is had; whilst, here, the judgment was' obtained separately against the wife ; and the attempt to make the husband liable is by a supplementary process, after-wards, to enforce the judgment. If liable at. all, he was so at first. To sustain this proceeding would be, in effect, to make the wife liable, as a'single woman, notwithstanding the marriage, and to make the husband liable for her offence, in consequence of the marriage. This point was settled as long ago as the time of James I. By the several statutes of Elizabeth, against recusancy, it was provided, that the fines imposed by those statutes on persons who absented themselves from the established church, or attended mass, might be recovered by indictment at the suit of the Queen, or by action of debt, bill, plaint, or information, at the suit of an informer. In Dr. Foster’s case, (11 Rep. 61,)—“a case,” says Coke, “ that concerned the glory of God and the honor of our religion,” — upon mature consideration of all the statutes of recu-sants, it was resolved by all the Judges, “that, forasmuch as the remedy of the Queen was by indictment, and the feme covert was only indicted, and the husband was not a party to it, he was not subject to the wife’s forfeiture; for the husband shall never be charged for the act or default of his wife, but when he is made a party to the action, and judgment is given against him and his wife, as for the debt of the wife: but if a feme covert be indicted of trespass, riot, or other wrong, then the wife shall answer and shall be party to the judgment only; and therefore the fine set upon the wife, in such cases, shall not be levied upon the husband.”
The case of the King & Parker vs. Webb, (Cro. Jac. 480,) is cited on the other side; but that was an information at the suit of the informer, and this point did not arise at all. The question made was, whether a feme covert, being convict *123 ed by indictment at the King’s suit, was liable to the suit of an informer upon 23 Eliz. after the year that she was convicted. It was said in argument, where the wife is convicted of recusancy, it is usual to seize the land's and leases, which her husband hath in her right, by exchequer process; but we are not enquiring whether there be any mode of subjecting the property of the wife, in the hands of the husband, to the payment of the fine imposed on her. It is enough that we are satisfied, on principle and authority, that he cannot be made to pay it out of his ow.n property.
Bailey, Attorney General, for the motion; Hunt, contra.
Motion dismissed;
the whole Court concurring.